AF Approval

Chief Approval

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:13-cr-174-Orl-22KRS

ALEXANDER JAMES KOBY

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, Acting United States Attorney for the Middle District of Florida, and the defendant, ALEXANDER JAMES KOBY, and the attorney for the defendant, James T. Skuthan, mutually agree as follows:

## A.   **Particularized Terms**

### 1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Superseding Information. Count One charges the defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

### 2. Maximum Penalties

Count One carries a maximum sentence of 20 years' imprisonment, a fine of $250,000, a term of supervised release of at least three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to

Defendant's Initials _____

other offenses, the Court may order the defendant to make restitution to any

victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of

the offense with which defendant has been charged and to which defendant is

pleading guilty. The elements of Count One are:

First: That the defendant knowingly possessed a book, magazine, periodical, film, videotape, computer disk, or any other material;

Second: That said material contained an image of child pornography;

Third: That the defendant knew that the material contained an image of a minor who had not attained 12 years of age; and

Fourth: That the image of child pornography was mailed, shipped or transported in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, including by computer over the Internet

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a

federal grand jury.

5. Counts Dismissed

At the time of sentencing, the original Indictment alleging Counts One and

Two against the defendant will be dismissed pursuant to Fed. R. Crim. P.

11(c)(1)(A).

Defendant's Initials                 2

### 6. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement,

### 7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of

Defendant's Initials _____                                3

Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.  Minimum and Maximum Sentence

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will not oppose the defendant's request to the Court that the defendant receive a sentence that is no less than ninety seven (97) months, but no more than the high end of the applicable guideline range, as calculated by the Court.  The defendant further agrees to waive the right to move for a downward departure on any ground pursuant to the United States Sentencing Guidelines or argue for a variance on any ground under 18 U.S.C. § 3553(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.  Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and

Defendant's Initials             4

procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such

Defendant's Initials _____          5

assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this

Defendant's Initials _____          6

clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

10. Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty.  As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment

Defendant's Initials                     7

described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: HP Laptop Computer and HTC Cell Phone.

11. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials                     8

## B.  **Standard Terms and Conditions**

### 1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____                    9



2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises

Defendant's Initials _____        10

control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

5. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by

Defendant's Initials _____          11

the Court, with the assistance of the United States Probation Office. Defendant
further understands and acknowledges that any discussions between defendant
or defendant's attorney and the attorney or other agents for the government
regarding any recommendations by the government are not binding on the Court
and that, should any recommendations be rejected, defendant will not be
permitted to withdraw defendant's plea pursuant to this plea agreement. The
government expressly reserves the right to support and defend any decision that
the Court may make with regard to the defendant's sentence, whether or not
such decision is consistent with the government's recommendations contained
herein.

6. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to
impose any sentence up to the statutory maximum and expressly waives the
right to appeal defendant's sentence on any ground, including the ground that the
Court erred in determining the applicable guidelines range pursuant to the United
States Sentencing Guidelines, except (a) the ground that the sentence exceeds
the defendant's applicable guidelines range as determined by the Court pursuant
to the United States Sentencing Guidelines; (b) the ground that the sentence
exceeds the statutory maximum penalty; or (c) the ground that the sentence
violates the Eighth Amendment to the Constitution; provided, however, that if the
government exercises its right to appeal the sentence imposed, as authorized by

Defendant's Initials _____          12

18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7.   Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8.   Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9.   Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

Defendant's Initials                     13

received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove beyond a reasonable doubt:

Defendant's Initials _____ 14

## FACTS

On May 8, 2013, Daytona Beach Police Department (DBPD) arrested Alexander James KOBY after he traveled to Volusia County for the purposes of engaging in illegal sexual acts with a minor child. During an undercover operation, an ad was placed on Backpage.com. The ad was entitled "Do You Desire a Young Beautiful girl 100% real and Ready?- 18". It further stated "are you looking for someone unique or a different kind of experience?" On April 19, 2013, KOBY used the online alias of "Andy" and the phone number 904-xxx-xxxx to contact Detective Tim Ehrenkaufer, an undercover law enforcement officer (from here on called UC) and engaged in online communications ("chatting"). The phone number 904-xxx-xxxx was associated with the name Alexander KOBY.

On April 19, 2013, KOBY sent his first message to the UC in response to the Backpage ad. KOBY wrote, "Are you really young?? :)" The UC replied that he was not the girl, and that he provided girls in exchange for a monetary donation. KOBY then asked the UC if they had any girls that were in the age range of 13-15 years old. The UC affirmed a girl within that age range was available. KOBY responded "Ok. Sounds good. Are there outcalls? Have pictures?" KOBY then provided the following email address floridasky@ymail.com.

The UC replied "what services would you be requiring her to do, so that i may supply you with a donation amount." KOBY stated to the UC "Bj [blowjob]

Defendant's Initials                 15

spanking some minor fetish.  Just several hours, I like the company and this would be a nice hotel...what does she like to do, When [sic] is she good at?"

KOBY noted that he had not received a picture and provided a corrected email address, floridasky@gmail.com, and then made another request for a photograph of a girl 13-15 years old.  When KOBY received the photograph, he asked "how old is she?"  The UC replied "14."  KOBY responded "Ok.  Do you have pics of the others?  Just wondering if I might be interested in the 12.  I don't drive because of eyesight so public and not too far would be best."

KOBY requested that another picture of the same person be sent with his name, "Andy," or the current date to verify whether she's "real".  On April 20, 2013, KOBY received a picture of an undercover officer holding a white card with the name, "Andy," printed on it.  KOBY then stated "What's her name?...Cute. Are Fridays and weekends better?  Or does it not matter...sorry for all the questions.  Is this your daughter or just some girl?"

The UC replied, "Yes that particular girl is my daughter, is that acceptable?"  KOBY asked, "It's acceptable to me and I guess its ok with you. How long has she been doing this?  Do you know how tall she is?  Have you done things with her?  I am trying to coordinate vacation plans.  I can keep her overnight if that makes things easier?  I'm sure we'll all get along well though."

On May 1, 2013, KOBY asked "so Tuesday? or would Wednesday be better?"  The UC stated "tuesday is ok, would you like early morning so you have more time?  just treat her right since she is my daughter please.  Early

Defendant's Initials           16

Wednesday is ok. do you have any questions about the transaction I could answer for you?"

KOBY asked "How is it going to work? Are you just going to drop her off near where I am? What doesn't she like? She doesn't have school or anything like that?" The UC asked "I can't remember if I asked you what precautions will you take to make sure she does not get pregnant it would be hard to explain how she got pregnant and she not even be 15 yet I am more cautious with her since she is mine." KOBY responded "I have things. Is she clean? How many guys has she been with? Early? What time is good. I'm flexible." The UC responded "very clean. she is mine. do you have a donation amount in mind? or?" KOBY replied "Ok. Well I'm not rich, but this has been a fantasy I've had since being in remission from cancer...9ish is good." The UC stated "Ok since you are new and there was a delay because of some confusion, u tell me what is acceptable and I will honor that. im a fair mam." [sic] KOBY replied "200?" The UC stated, "tell you what. how about 100 and u promise to use me for any future request?"

KOBY replied "Well I appreciate that. I will treat her properly. I will probably want to do this again so I would be interested in what you have. yes. I am still a bit paranoid but as long as you are being honest too...i am not with law enforcement."

The UC stated "ok good. please let me know if plans change, other than that I will talk to you tuesday sometime to confirm." KOBY replied "Sounds good. Do you have any other rules or requests about her?"

Defendant's Initials           17

On May 7, 2013, KOBY asked the UC "Hey…Still good for tomorrow?" The UC asked KOBY "yes, of course, I will see you at 9am, have you made it into town?" KOBY replied "Where? Yeah, I'm near the Daytona Lagoon. There are plenty of shops etc near there. Also I'd rather do the donation after. Next time can be upfront once I fully trust you."

On May 8, 2013, KOBY arrived at a Burger King, the agreed upon location in Daytona, walking on foot. KOBY contacted the UC using text messaging and the UC responded. KOBY entered the Burger King, looked around, identified a vehicle sitting outside in the parking lot and departed. As KOBY was walking away, KOBY was taken into custody and spontaneously uttered "It's just a misunderstanding."

At the time of arrest, KOBY was in possession of a small black fabric bag and an HTC Cell phone. The cell phone was lit displaying the UC's messages on it. KOBY was transported to the Daytona Beach Police Department where he was read his Miranda Rights. KOBY advised that he understood his rights, waived his rights and agreed to speak with law enforcement. KOBY also gave voluntary consent to search his cell phone.

KOBY was asked about the chats and he admitted to writing the chats. KOBY further admitted he had answered an ad for prostitution and arranged to pay $200.00 for a 14-year-old girl for sex. KOBY stated that he would not have had sex with the child, he just wanted to see if it was real. KOBY stated that he came to the specific location to meet the 14-year-old girl and her father with

Defendant's Initials _____        18

whom he had been chatting.  KOBY also confirmed that he engaged in the sexually explicit chat with the UC and traveled to meet someone he thought was a 14-year-old girl for sex in exchange for $200.00 U.S. currency.

KOBY further stated he used his laptop to send emails back and forth to the UC.  The laptop was located in his hotel room in Daytona Beach.  When asked for consent to retrieve and search the laptop in the hotel room, KOBY declined, stating "I didn't use my laptop."  KOBY was asked if his laptop contained any child pornography, and he replied "I need a lawyer."  All questioning ceased.

As a result of a search warrant signed by a Florida State Court Judge on May 8, 2013, the agents found in KOBY's hotel room the following:  KOBY's identification, a bus ticket, HP laptop Serial Number CNF09491GB6, condoms, camera, massage oil, two small stuffed animals, more than $200 cash and other items.

The HP Laptop Computer, Serial Number CNF09491GB6, was seized and a forensic examination completed.  The forensic examination revealed the computer had a hard drive with a total capacity of 232GB, 171GB, allocated and 61GB, unallocated space.  There were two photographs of the UC and were located in the pictures folder, under the "WaddleWorks."  This same folder also contained numerous photographs of KOBY.

Another folder on KOBY's computer collectively contained a total of two thousand nine hundred seventy six (2,976) files of suspected child pornography.

Defendant's Initials _____        19

One hundred sixty seven (167) were movies and two thousand eight hundred nine (2,809) were photographs. Many of the videos and photographs involve prepubescent children between the ages of 10 and 12 years old. The videos and photographs include children being digitally, vaginally, and anally penetrated by an adult penis. The victim's series include Blue pillow, Hawaiian Purple, Jenny, Marineland, Jessica, Jenny, and Sara.

There were two images of "pedo-bear" found on one of the computer's folder. Law enforcement have identified the "pedo-bear" as the official icon or mascot for pedophiles. KOBY's internet history contained search terms for underage girls, child prostitution and other data.

The forensic examination also located on the HP Laptop Computer forty five (45) photographs depicting various girls many who appear to be in the age range between ten (10) and eighteen (18) years old. These pictures portray girls in assorted positions holding a white card or paper with a hand written date and/or male name; and some pictures involved girl's genitalia. The 45 pictures are similar to the picture KOBY received on April 20, 2013, following his request for verification of the UC's existence while he attempted to persuade, entice, and coerce a child under the age of 18 years old to engage in sexual activity in exchange for money.

Defendant's Initials _____          20



11. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

12. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___19___ day of December, 2013

A. LEE BENTLEY, III
Acting United States Attorney

_____
Alexander James Koby
Defendant

_____
Myrna Amelia Mesa
Special Assistant United States Attorney

_____
James T. Skuthan
Attorney for Defendant

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____        21